UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| Carla Wallace, individually and on behalf of all others similarly situated,<br><br>                              Plaintiff(s),<br><br>    -v.-<br><br>Qualia Collection Services,<br><br>                              Defendant(s). | C.A. No: 1:23-cv-984<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Carla Wallace (hereinafter, "Plaintiff"), brings this Class Action Complaint by and through her attorneys, against the Defendant Qualia Collection Services ("Qualia" or "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION**

1.      Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the FDCPA was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." ld. § 1692(e). After determining that the existing consumer protection laws were inadequate, Congress created a private cause of action to provide consumers with a remedy against debt collectors who fail to comply with the FDCPA. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 *et seq*., and 28 U.S.C. § 2201. The Court has pendent jurisdiction over any state law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New Jersey consumers under § 1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the FDCPA.

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New Jersey, County of Camden.

8. Defendant Qualia is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with a principal place of business located at 1444 North McDowell Boulevard, Petaluma, California 94954.

9. Upon information and belief, Defendant Qualia is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

## **CLASS ALLEGATIONS**

10. Plaintiff brings this claim on behalf of the following class, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New Jersey;

    b. to whom Defendant sent a collection letter attempting to collect a consumer debt;

    c. on behalf of non-party Capital One;

    d. providing an amount owed;

    e. based on a particular date range between a date certain and "today";

    f. without dating the collection letter;

    g. which letter was sent on or after a date one (1) year prior to the filing of this action and/or before a date twenty-one (21) days after the filing of this action; and

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class are the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ l692e, l692f and/or l692g *et seq.*

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor her attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

   a. Numerosity: The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

   b. Common Questions Predominate: Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominate over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the form attached as Exhibit A, violates 15 U.S.C. §§ l692e, l692f and § l692g *et seq.*

    c. Typicality: The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. Adequacy: The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. Superiority: A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## **FACTUAL ALLEGATIONS**

19. Plaintiff repeats the allegations above as if set forth here.

20. Some time prior to June 30, 2021, an obligation was allegedly incurred to the original and current creditor, Capital One N.A. ("Capital One"), a non-party to the instant suit.

21. Upon information and belief, the subject obligation arose out of consumer services. The subject debt was incurred by the Plaintiff solely for personal, household or family purposes, specifically a Kohl's Inc. personal credit card.

22. Plaintiff is a "consumer" as defined by 15 U.S.C.§ 1692a(3).

23. The subject obligation is consumer-related, and is therefore a "debt" as defined by 15 U.S.C.§ 1692a(5).

24. Upon information and belief, Capital One contracted with the Defendant Qualia for the purpose of debt collection. Therefore, Defendant Qualia is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

25. Defendant uses the instrumentalities of interstate commerce or the mail in its business, the principal purpose of which is the collection of consumer debts. Defendant also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

### *Violations – Undated Letter*

26. On a date better known to Qualia, Defendant sent Plaintiff a collection letter ("Letter") regarding the debt alleged to be owed to Capital One. *See* Letter attached as Exhibit A.

27. The Letter is not dated.

28. Despite the fact that the Letter lacks a date, the Letter states, in relevant part:

| | |
|---|---:|
| As of June 30, 2021 you owed: | $3,442.89 |
| Between June 30, 2021 and today: | |
| You were charged this amount in interest: | $0.00 |
| You were charged this amount in fees: | $0.00 |
| You paid or were credited this amount toward the debt: | $0.00 |
| **Total amount of the debt now:** | **$3,442.89** |

29. There is no way to determine from the Letter which date "today" and "now" refer to, as the Letter is not dated.

30. The Plaintiff was therefore misled as to the status of the subject debt, for it was not associated with a particular date.

31. It is common practice to date official letters.

32. Letters that lack a date make them seem illegitimate.

33. The fact that Defendant Qualia did not date the Letter and yet attempted to define the subject debt based on a nebulous date was suspicious, misleading, and out of character for a legitimate debt collection.

34. Therefore, Defendant Qualia's omissions cast a negative shadow over its debt collection practice in general.

35. Defendant Qualia's failure to date the Letter further caused Plaintiff to be unable to determine whether the time frames provided for responding to the Letter met the statutory requirements.

36. By withholding the date of the Letter, Defendant Qualia withheld a material term from Plaintiff which made her unable to understand the nature of the subject debt.

37. When they go astray, debt collectors often introduce a tacit element of uncertainty into their dunning letter to leave the consumer somewhat uninformed.

38. This strategy helps debt collectors to achieve leverage over consumers by keeping key pieces of information away from them.

39. When a consumer is faced with something less than the total story behind owing a debt, they often give up and choose to pay an unwarranted debt to avoid further trouble.

40. Knowing the state of affairs and swift tricks that debt collectors attempt against consumers, Congress passed laws to protect consumers.

41. One important element of consumer protection revolves around keeping the consumer informed.

42. When a consumer has as much information as the debt collector, they are most capable of handling repayment in full or part, disputing the debt, or otherwise communicating with the debt collector on a more equal playing field.

43. However, when a debt collector withholds key information about a debt from the consumer, they encourage rash decision-making and consumers are left without any power to face the debt collector in a meaningful way.

44. These violations by Defendant Qualia were unconscionable, knowing, willful, negligent, and/or intentional, and Defendant Qualia did not maintain procedures reasonably adapted to avoid any such violations.

45. As dating a letter is so basic in the business world, the fact that Defendant Qualia left the Letter dateless arouses suspicion as to their underlying motivations for doing so.

46. The non-dated Letter coupled with the references to "today" and "now" make it appear that the entire Letter is just an attempt to improperly extort money from Plaintiff and coerce Plaintiff to pay.

47. Plaintiff was therefore unable to make payment on the debt.

48. The funds Plaintiff would have used to pay some or all of this alleged debt were therefore prioritized elsewhere.

49. Plaintiff was therefore left with less funds with which to pay off this debt once the facts were sorted out, if it turned out that she did indeed owe the alleged debt.

50. Because of Defendant's improper conduct, Plaintiff expended time, money, and effort in determining the proper course of action.

51. Plaintiff spent this to determine whether the Letter was legitimate or a scam.

52. Plaintiff spent this in an effort to mitigate the risk of financial harm in the form of Defendant's dominion and control over her funds.

53. Plaintiff spent this in an effort to mitigate the risk of financial and reputational harm in the form of Defendant's negative collection informational furnishment, and ultimate dissemination, to third party credit providers.

54. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

55. As it relates to this case, Congress identified a concrete and particularized harm with a close common-law analogue to the traditional tort of fraud, negligent misrepresentation, negligent infliction of emotional distress, conversion and defamation.

56. For the purposes of this action, only a close relationship to common law harm is needed, not an exact duplicate.

57. Defendant Qualia's actions caused Plaintiff to expend time, in reliance on the improper content of the Letter and lack of consistent sensible information, to ascertain what her options and possible responses could or should be.

58. Defendant Qualia's collection efforts with respect to the debt caused Plaintiff to suffer concrete and particularized harm, *inter alia*, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action for the collection of any debt.

59. Defendant Qualia's deceptive, misleading, and unfair representations and/or omissions with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant Qualia's collection efforts because Plaintiff could not adequately or informatively respond to Defendant Qualia's demand for payment of the alleged debt.

60. Plaintiff was misled to her detriment by the statements and/or omissions in the dunning Letter, and relied on the contents of the Letter to her detriment.

61. Plaintiff would have pursued a different course of action were it not for Defendant Qualia's violations.

62. When a debt collector fails to effectively inform the consumer of their rights and legal status of their debts, in violation of statutory law, the debt collector has harmed the consumer.

63. Defendant's improper Letter therefore caused the non-payment, which upon information and belief, resulted in Defendant's negative collection informational furnishment and ultimate dissemination to third party credit providers, to Plaintiff's financial and reputational detriment.

64. In addition to the financial and reputational harm described above, Plaintiff suffered emotional harm in the form of anxiety as a result of the Letter, that manifested itself physically in the form of restlessness.

65. As a result of the Defendant's deceptive, misleading, unfair, unconscionable, and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

66. Plaintiff repeats the allegations above as if set forth here.

67. Defendant Qualia's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

68. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

69. Defendant violated § 1692e by, as described above, making a false and/or misleading representation/omission in violation of § 1692e(10).

70. By reason thereof, Defendant Qualia is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e *et seq.* of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

71. Plaintiff repeats the allegations above as if set forth here.

72. Defendant Qualia's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

73. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means to collect or attempt to collect any debt.

74. Defendant violated § 1692f by omitting material terms from the dunning letter to disadvantage Plaintiff from making an educated decision regarding the subject debt.

75. By reason thereof, Defendant Qualia is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT III
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692g *et seq.*

76. Plaintiff repeats the above allegations as if set forth here.

77. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

78. Pursuant to 15 U.S.C. § 1692g(a):

Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

1. The amount of the debt;

2. The name of the creditor to whom the debt is owed;

3. A statement that unless the consumer, within thirty days after the receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;

4.      A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

5.      A statement that, upon the consumer's written request within the thirty-day period the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

79.     Defendant violated § 1692g(a) by failing to properly provide the amount of the debt, by pegging it to an unknown date.

80.     Pursuant to 15 U.S.C. § 1692g(b):

If the consumer notifies the debt collector in writing within the thirty day-period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

81.     Defendant violated Section 1692g(b) by continuing its collection activity despite issuing an improper G Notice, effectively overshadowing and/or waiving the consumer's right to dispute the debt.

82.     By reason thereof, Defendant is liable to the Plaintiff for judgment that the Defendant's conduct violated Section 1692g et seq. of the FDCPA and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## **DEMAND FOR TRIAL BY JURY**

83.     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Carla Wallace, individually and on behalf of all others similarly situated, demands judgment from the Defendant Qualia as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Robert Yusko, Esq. as Class Counsel;

2. Awarding the Plaintiff and the Class statutory damages;

3. Awarding the Plaintiff and the Class actual damages;

4. Awarding the Plaintiff, the costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding the Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: February 20, 2023                                Respectfully Submitted,

                                                        **STEIN SAKS, PLLC**

                                                        /s/ Robert Yusko
                                                        Robert Yusko, Esq.
                                                        One University Plaza, Ste. 620
                                                        Hackensack, NJ 07601
                                                        Ph: 201-282-6500
                                                        ryusko@steinsakslegal.com
                                                        *Attorneys for Plaintiff*